UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL JOHNSON (#535210)** | **CIVIL ACTION** |
| **VERSUS** | |
| **W.S. MCCAIN, ET AL.** | **NO. 17-309-JWD-SDJ** |
| **AND** | |
| **CARL JOHNSON (#535210)** | **CIVIL ACTION** |
| **VERSUS** | |
| **W.S. MCCAIN, ET AL.** | **NO. 17-325-JWD-SDJ** |

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

Before this Court is the application of Petitioner Carl Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. There is no need for oral argument or for an evidentiary hearing. For the following reasons, Petitioner's application is **DENIED** as untimely.

**I.   Procedural History**

On July 24, 2008, Petitioner was charged via bill of information in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, with four counts of armed robbery.[1] On April 6, 2009, in exchange for the State's dropping one of the counts and agreeing not to file a habitual offender bill, Petitioner pled guilty to three counts of armed robbery.[2] He was sentenced on the same day to 22 years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.[3]

---

[1] 17-325, R. Doc. 14-1, p. 56.
[2] 17-325, R. Doc. 14-1, p. 60.
[3] 17-325, R. Doc. 14-1, p. 60.

1

Petitioner was appointed appeal counsel through the Louisiana Appellate Project. Appeal counsel filed a motion for an appeal and subsequently filed a timely brief with the Louisiana First Circuit Court of Appeal. Appeal counsel's brief advised the First Circuit that there were no non-frivolous issues for appeal. On December 31, 2012, the First Circuit affirmed Petitioner's conviction.[4] Petitioner did not seek further review with the Louisiana Supreme Court.

Subsequently, on August 8, 2013, Petitioner filed a counseled application for post-conviction relief in the state trial court.[5] Therein, Petitioner asserted that he had received ineffective assistance of counsel because trial counsel failed to thoroughly investigate his case before urging him to plead guilty. On December 9, 2014, the trial court denied Petitioner's application for post-conviction relief.[6] Thereafter, Petitioner filed for review with the First Circuit, which denied his application on June 22, 2015. Petitioner's writ of supervisory review in the Louisiana Supreme Court was denied on the merits on May 20, 2016.[7]

On May 11, 2017, Petitioner filed an application for a writ of habeas corpus in the Western District of Louisiana. One day later, on May 12, 2017, Petitioner filed the same application for a writ of habeas corpus in this Court.[8] On June 6, 2017, the Western District of Louisiana issued an Order transferring Petitioner's habeas application to the Middle District of Louisiana.[9] On March 13, 2018, this Court issued an Order consolidating both applications under docket 17-309.[10] In the instant application for writ of habeas corpus Petitioner asserts ineffective assistance of counsel as his only ground for relief.

---

[4] *State v. Johnson,* 2012-0811 (La. App. 1 Cir. 12/31/2012), 2012 WL 6738540.
[5] R. Doc. 15, p. 25.
[6] R. Doc. 14-1, p. 21.
[7] R. Doc. 14-2, p.111-112.
[8] 17-325, R. Doc. 1.
[9] 17-309, R. Doc. 3.
[10] 17-309, R. Doc. 5.

## II.     Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[11] If a petitioner stops the direct appeal process before she has proceeded through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[12] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review.[13]

Upon the finality of a petitioner's conviction, the one-year limitations period for filing a federal habeas corpus petition commences to run. The federal limitations statute provides, however, that the time during which a subsequent "properly filed" application for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[14] As a corollary to this rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an

---

[11] 28 U.S.C. § 2244(d)(1)(A).
[12] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[13] *See id.*
[14] 28 U.S.C. § 2244(d)(2).

3

application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[15] A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[16]

Petitioner's conviction became final on January 30, 2013, which was 30 days after the First Circuit decision affirming his conviction on direct review, and the last day he could have sought further review with the Louisiana Supreme Court. Approximately 190 days of untolled time elapsed until Petitioner properly filed his application for post-conviction relief at the 19th Judicial District Court on August 8, 2013. The statute of limitations remained tolled until the Louisiana Supreme Court ultimately denied his writ application on May 20, 2016. Approximately 357 untolled days passed until Petitioner filed the instant petition for habeas relief. Accordingly, more than a year elapsed (547 days) during which Petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and Petitioner's writ of habeas corpus in this Court is untimely.

Having found Petitioner's application to be untimely, this Court must dismiss the same pursuant to 28 U.S.C. § 2244(d) unless he can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B) B because there was a state-created impediment to timely filing B or that he is entitled to equitable tolling.

---

[15] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[16] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

4

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[17] Petitioner has made no such showing in this case. Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case. It is the petitioner's burden to demonstrate that equitable tolling is warranted.[18] The one-year federal limitations period is subject to equitable tolling only "in rare ands exceptional circumstances."[19] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[20]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[21] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[22] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[23] Further, equitable tolling "is not intended for those who sleep on their rights."[24]

---

[17] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[18] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[19] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[20] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[21] *Pace*, 544 U.S. at 418.
[22] *Id.* quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[23] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[24] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).

Thus, a federal habeas petitioner is required to act with diligence[25] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[26]

Here, Petitioner has not made any arguments regarding equitable tolling. Even if Petitioner sought to be relieved of the untimeliness of his habeas petition through equitable tolling, it appears Petitioner was merely unknowledgeable about the applicable statute of limitations. As mentioned, ignorance of the law and lack of knowledge of filing deadlines is not an excuse and not considered an extraordinary circumstance.

Accordingly, equitable tolling is not warranted in this matter, and Petitioner's untimely application for habeas corpus relief should be dismissed.

### III.    Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability will also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[27]  Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[28] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[29] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim

---

[25] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[26] *See Ramos v. Director*, at *4 (E.D. Tex. Mar. 1, 2010), 2010 WL 774986.
[27] 28 U.S.C. § 2253(c)(1)(A).
[28] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[29] 28 U.S.C. § 2253(c)(2).

of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[30] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability will be denied.

### IV.   Conclusion

For the reasons set forth herein, Petitioner's application for habeas corpus relief is **DENIED** as untimely and that this proceeding is **DISMISSED WITH PREJUDICE**.

If Petitioner seeks to pursue an appeal in this case, a certificate of appealability will be denied.

Signed in Baton Rouge, Louisiana, on September 22, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[30] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).